UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MARGARET PARDEE,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, PAUL CARLIN, Individually,
UNDERCOVER POLICE OFFICER C0146, Individually,
and ROBERT MINCA, Individually,

                                        Defendants,

---------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

CV 14 0491

MATSUMOTO, J.

AZRACK, M.J.

Plaintiff MARGARET PARDEE, by her attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff MARGARET PARDEE is a thirty-four year old female residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, PAUL CARLIN, UNDERCOVER POLICE OFFICER C0146, and ROBERT MINCA, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On January 21, 2011, at approximately 9:30 a.m., plaintiff MARGARET PARDEE was unlawfully arrested by NYPD officers including, but not limited to, PAUL CARLIN, in front of 256 Waters Avenue, Staten Island, New York.

13.     Plaintiff was thereafter transported in police custody to the NYPD 120th Police Precinct station house and imprisoned therein.

14.     The defendant officers caused plaintiff to be imprisoned until January 22, 2011, when as result of the filing of false and manufactured sworn allegations that plaintiff had committed a felony, plaintiff was arraigned in Richmond County Criminal Court.

15.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to justify their improper and baseless investigation of plaintiff, and/or for other collateral objectives, such as personal advancement and/or overtime compensation.

16.     Defendant CARLIN and UNDERCOVER POLICE OFFICER C0146 created and manufactured false evidence against plaintiff and used same against her in said legal proceeding. Specifically, defendants CARLIN and UNDERCOVER POLICE OFFICER C0146 swore to false allegations that plaintiff had sold narcotics to UNDERCOVER POLICE OFFICER C0146 on July 15, 2010, at approximately 1:50 p.m.

17.     As a result of the malicious prosecution, plaintiff was compelled to return to court on nine occasions until March 6, 2012, on which date all of the charges lodged against plaintiff were dismissed and sealed in Richmond County Criminal Court.

18.     Defendant NYPD officers CARLIN, UNDERCOVER POLICE OFFICER

3

C0146, and ROBERT MINCA either directly participated in or failed to intervene in the illegal conduct described herein.

19.    Defendant MINCA supervised defendants CARLIN, UNDERCOVER POLICE OFFICER C0146, and JOHN and JANE DOE 1 through 10 and participated in, approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff.

20.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to a policy, custom or practice of falsification.

21.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and prosecutions, and engage in a practice of falsification.

22.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

23.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

4

24.     As a result of the foregoing, plaintiff MARGARET PARDEE sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff MARGARET PARDEE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff MARGARET PARDEE without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

34.     Defendants caused plaintiff MARGARET PARDEE to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District

Attorneys' office.

38.     The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about March 6, 2012.

39.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<strong>AS AND FOR A FOURTH CAUSE OF ACTION</strong><br>(Malicious Abuse of Process under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants issued criminal process against plaintiff MARGARET PARDEE by causing her to be arraigned and prosecuted for violation of the Penal Law.

42.     Defendants caused plaintiff MARGARET PARDEE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to justify their improper and baseless investigation of plaintiff.

43.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<strong>AS AND FOR A FIFTH CAUSE OF ACTION</strong><br>(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff MARGARET PARDEE.

46.     Defendants utilized this false evidence against plaintiff MARGARET PARDEE in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff MARGARET PARDEE suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

48.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARGARET PARDEE, whose constitutional rights were being violated in their presence by other officers.

51.     The defendants failed to intervene to prevent the unlawful conduct described herein.

52.     As a result of the foregoing, plaintiff MARGARET PARDEE'S liberty was restricted for an extended period of time, he was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

53.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

56.     As a result of the foregoing, plaintiff MARGARET PARDEE was deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

57.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The supervisory defendant ROBERT MINCA personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to

9

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in falsification, and inadequate screening, hiring, retaining, training and supervising its employees, that were the moving force behind the violation of plaintiff MARGARET PARDEE'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARGARET PARDEE.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARGARET PARDEE as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARGARET PARDEE as alleged herein.

67.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARGARET PARDEE was unlawfully arrested and maliciously prosecuted.

68.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARGARET PARDEE'S constitutional rights.

69.     All of the foregoing acts by defendants deprived plaintiff MARGARET PARDEE of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from malicious prosecution;

        D.     To be free from deprivation of her right to fair trial; and

        E.     To be free from the failure to intervene.

70.     As a result of the foregoing, plaintiff MARGARET PARDEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARGARET PARDEE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      January 21, 2014

                                 LEVENTHAL & KLEIN, LLP
                                 Attorneys for Plaintiff MARGARET PARDEE
                                 45 Main Street, Suite 230
                                 Brooklyn, New York 11201
                                 (718) 722-4100

                        By:      _____
                                 BRETT H. KLEIN (BK4744)